1

2

3

4              **IN THE UNITED STATES DISTRICT COURT**

5                 **FOR THE DISTRICT OF ARIZONA**

6

7    Eduardo Vasquez Celaya,                    No. CV 18-288-TUC-JAS (LCK)

8              Petitioner,                       **ORDER**

9    v.

10   David Shinn, et al.

11             Respondents.

12

13   **DISCUSSION**

14        Pending before the Court is a Report and Recommendation issued by United States

15   Magistrate Judge Kimmins.   The Report and Recommendation recommends denying

16   Petitioner's § 2254 habeas petition.   Petitioner filed objections to the Report and

17   Recommendation.[1]

18        As a threshold matter, as to any new evidence, arguments, and issues that were not

19   timely and properly raised before United States Magistrate Judge Kimmins, the Court

20   exercises its discretion to not consider those matters and considers them waived. *United*

21   *States v. Howell*, 231 F.3d 615, 621-623 (9th Cir. 2000) ("[A] district court has discretion,

22   but is not required, to consider evidence presented for the first time in a party's objection

23   to a magistrate judge's recommendation . . . [I]n making a decision on whether to consider

24   newly offered evidence, the district court must . . . exercise its discretion . . . [I]n providing

25   for a *de novo* determination rather than *de novo* hearing, Congress intended to permit

26   whatever reliance a district judge, in the exercise of sound judicial discretion, chose to

27   place on a magistrate judge's proposed findings and recommendations . . . The magistrate

28   _____
     [1] Unless otherwise noted by the Court, internal quotes and citations have been omitted
     when citing authority throughout this Order.

1  judge system was designed to alleviate the workload of district courts . . . To require a

2  district court to consider evidence not previously presented to the magistrate judge would

3  effectively nullify the magistrate judge's consideration of the matter and would not help to

4  relieve the workload of the district court. Systemic efficiencies would be frustrated and the

5  magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to

6  feint and weave at the initial hearing, and save its knockout punch for the second round . .

7  . Equally important, requiring the district court to hear evidence not previously presented

8  to the magistrate judge might encourage sandbagging. [I]t would be fundamentally unfair

9  to permit a litigant to set its case in motion before the magistrate, wait to see which way

10  the wind was blowing, and—having received an unfavorable recommendation—shift gears

11  before the district judge."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir.

12  2003) ("Finally, it merits re-emphasis that the underlying purpose of the Federal

13  Magistrates Act is to improve the effective administration of justice.").

14      Assuming that there has been no waiver, the Court has conducted a *de novo* review

15  as to Petitioner's objections.  *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after

16  being served with [the Report and Recommendation], any party may serve and file written

17  objections to such proposed findings and recommendations as provided by rules of court.

18  A judge of the court shall make a *de novo* determination of those portions of the report or

19  specified proposed findings or recommendations to which objection is made. A judge of

20  the court may accept, reject, or modify, in whole or in part, the findings or

21  recommendations made by the magistrate judge. The judge may also receive further

22  evidence or recommit the matter to the magistrate judge with instructions.").

23      In addition to reviewing the Report and Recommendation and any objections and

24  responsive briefing thereto, the Court's *de novo* review of the record includes review of the

25  record and authority before United States Magistrate Judge Kimmins which led to the

26  Report and Recommendation in this case.

27      Upon *de novo* review of the record and authority herein, the Court finds Petitioner's

28  objections to be without merit, rejects those objections, and adopts United States

1    Magistrate Judge Kimmins' Report and Recommendation.  *See*, *e.g., United States v.*
2    *Rodriguez*, 888 F.2d 519, 522 (7th Cir. 1989) ("Rodriguez is entitled by statute to *de novo*
3    review of the subject. Under *Raddatz* [447 U.S. 667 (1980)] the court may provide this on
4    the record compiled by the magistrate. Rodriguez treats adoption of the magistrate's report
5    as a sign that he has not received his due. Yet we see no reason to infer abdication from
6    adoption. On occasion this court affirms a judgment on the basis of the district court's
7    opinion. Affirming by adoption does not imply that we have neglected our duties; it means,
8    rather, that after independent review we came to the same conclusions as the district judge
9    for the reasons that judge gave, rendering further explanation otiose. When the district
10   judge, after reviewing the record in the light of the objections to the report, reaches the
11   magistrate's conclusions for the magistrate's reasons, it makes sense to adopt the report,
12   sparing everyone another round of paper."); *Bratcher v. Bray-Doyle Independent School*
13   *Dist. No. 42 of Stephens County, Okl.*, 8 F.3d 722, 724 (10th Cir. 1993) ("*De novo* review
14   is statutorily and constitutionally required when written objections to a magistrate's report
15   are timely filed with the district court . . . The district court's duty in this regard is satisfied
16   only by considering the actual testimony [or other relevant evidence in the record], and not
17   by merely reviewing the magistrate's report and recommendations . . . On the other hand,
18   we presume the district court knew of these requirements, so the express references to *de*
19   *novo* review in its order must be taken to mean it properly considered the pertinent portions
20   of the record, absent some clear indication otherwise . . . Plaintiff contends . . .  the district
21   court's [terse] order indicates the exercise of less than *de novo* review . . . [However,]
22   brevity does not warrant look[ing] behind a district court's express statement that it engaged
23   in a *de novo* review of the record."); *Murphy v. International Business Machines Corp.*, 23
24   F.3d 719, 722 (2nd Cir. 1994) ("We . . . reject Murphy's procedural challenges to the
25   granting of summary judgment . . . Murphy's contention that the district judge did not
26   properly consider her objections to the magistrate judge's report . . . lacks merit. The judge's
27   brief order mentioned that objections had been made and overruled. We do not construe
28   the brevity of the order as an indication that the objections were not given due

1    consideration, especially in light of the correctness of that report and the evident lack of

2    merit in Murphy's objections."); *Gonzales-Perez v. Harper*, 241 F.3d 633 (8th Cir. 2001)

3    ("When a party timely objects to a magistrate judge's report and recommendation, the

4    district court is required to make a *de novo* review of the record related to the objections,

5    which requires more than merely reviewing the report and recommendation . . . This court

6    presumes that the district court properly performs its review and will affirm the district

7    court's approval of the magistrate's recommendation absent evidence to the contrary . . .

8    The burden is on the challenger to make a *prima facie* case that *de novo* review was not

9    had."); *Brunig v. Clark*, 560 F.3d 292, 295 (5th Cir. 2009) ("Brunig also claims that the

10   district court judge did not review the magistrate's report *de novo* . . . There is no evidence

11   that the district court did not conduct a *de novo* review. Without any evidence to the

12   contrary . . . we will not assume that the district court did not conduct the proper review.").[2]

13       Before Petitioner can appeal this Court's judgment, a certificate of appealability

14   must issue.  *See* 28 U.S.C. §2253(c) and Fed. R. App. P. 22(b)(1).  The district court that

15   rendered a judgment denying the petition made pursuant to 28 U.S.C. §2254 must either

16   _____

17   [2] *See also Pinkston v. Madry*, 440 F.3d 879, 893-894 (7th Cir. 2006) (the district court's
     assurance, in a written order, that the court has complied with the *de novo* review
     requirements of the statute in reviewing the magistrate judge's proposed findings and
18   recommendation is sufficient, in all but the most extraordinary of cases, to resist assault on
     appeal; emphasizing that "[i]t is clear that Pinkston's argument in this regard is nothing
19   more than a collateral attack on the magistrate's reasoning, masquerading as an assault on
     the district court's entirely acceptable decision to adopt the magistrate's opinion . . .");
20   *Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000) ("The district court's order
     is terse . . . However, neither 28 U.S.C. § 636(b)(1) nor Fed.R.Civ.P. 72(b) requires the
21   district court to make any specific findings; the district court must merely conduct a *de
     novo* review of the record . . .  It is common practice among district judges . . . to [issue a
     terse order stating that it conducted a *de novo* review as to objections] . . . and adopt the
22   magistrate judges' recommended dispositions when they find that magistrate judges have
     dealt with the issues fully and accurately and that they could add little of value to that
23   analysis. We cannot interpret the district court's [terse] statement as establishing that it
     failed to perform the required *de novo* review . . . We hold that although the district court's
24   decision is terse, this is insufficient to demonstrate that the court failed to review the
     magistrate's recommendation *de novo*."); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir.
25   1995) ("The district court is required to conduct a *de novo* determination of those portions
     of the magistrate judge's report and recommendations to which objections have been filed.
26   But this *de novo* determination is not the same as a *de novo* hearing . . . [I]f following a
     review of the record the district court is satisfied with the magistrate judge's findings and
27   recommendations it may in its discretion treat those findings and recommendations as its
     own.").

28

- 4 -

1  issue a certificate of appealability or state why a certificate should not issue. *See id.*

2  Additionally, 28 U.S.C. §2253(c)(2) provides that a certificate may issue "only if the

3  applicant has made a substantial showing of the denial of a constitutional right." In the

4  certificate, the court must indicate which specific issues satisfy this showing. *See* 28 U.S.C.

5  §2253(c)(3). A substantial showing is made when the resolution of an issue of appeal is

6  debatable among reasonable jurists, if courts could resolve the issues differently, or if the

7  issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

8  Upon review of the record in light of the standards for granting a certificate of appealability,

9  the Court concludes that a certificate shall not issue as the resolution of the petition is not

10  debatable among reasonable jurists and does not deserve further proceedings.

11  **CONCLUSION**

12        Accordingly, IT IS HEREBY ORDERED as follows:

13  (1)  United States Magistrate Judge Kimmins' Report and Recommendation (Doc. 28)

14        is accepted and adopted.

15  (2) Petitioner's objections are rejected.

16  (3) Petitioner's §2254 habeas petition is denied and this case is dismissed with

17        prejudice.

18  (4) A Certificate of Appealability is denied and shall not issue.

19  (5) The Clerk of the Court shall enter judgment and close the file in this case.

20

21        Dated this 24th day of August, 2021.

22

23

24                              Honorable James A. Soto

25                              United States District Judge

26

27

28